IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BARNEY FRANK ELLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 108-055 |
| ) | |
| STEVE ROBERTS, Warden, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the above-captioned petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 2) be **DENIED**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## I. BACKGROUND

On February 19, 1981, Petitioner was convicted of murder and robbery by force after a jury trial in the Superior Court of Richmond County, Georgia. (Doc. no. 1, pp. 1-2). Petitioner was sentenced to life imprisonment on April 3, 1981. (Id. at 1). Thereafter, Petitioner appealed his conviction, arguing that the trial court erred by denying his motion to suppress, admitting autopsy photographs, and allowing a witness to testify whose name was not on the witness list submitted prior to trial; the Georgia Court of Appeals affirmed Petitioner's conviction on November 4, 1981. Ellis v. State, 283 S.E.2d 870, 871 (Ga. App. 1981). Petitioner then filed, on May 24, 1988, a state petition for a writ of habeas corpus in the Superior Court of Tattnall County, Georgia, which was denied on April 25, 1989 after an evidentiary hearing. (Doc. no. 1, Ex. A, pp. 32-33 (citing Civil Action No. 88-HC-23)). Also of note, Petitioner filed a federal petition for a writ of habeas corpus on February 27, 1990, which the Honorable John W. Dunsmore, United States Magistrate Judge, dismissed on February 4, 1992 after Petitioner filed a motion to dismiss without prejudice. Frank v. Linahan, CV 190-042 (S.D. Ga. Feb. 27, 1990), doc. no. 14.

Petitioner then filed, on April 19, 2007, a state petition for a writ of habeas corpus in the Superior Court of Washington County, Georgia. (Doc. no. 1, Ex. A, p. 32). Petitioner argued that his conviction constitutes a "manifest injustice," that the prosecutor engaged in misconduct, and that he received ineffective assistance of trial counsel. (Id.). After an evidentiary hearing, the state habeas court denied the petition as impermissibly successive

on August 16, 2007. (Id. at 32-33). Thereafter, Petitioner filed an application for a certificate of probable cause to appeal, which was denied by the Supreme Court of Georgia on October 29, 2007. (Doc. no. 1, p. 2).

On April 24, 2008, Petitioner filed the above-captioned federal petition for a writ of habeas corpus in the Middle District of Georgia (doc. no. 1), and as the petition challenges convictions in the Superior Court of Richmond County, Georgia, the case was transferred to the Southern District of Georgia. (Doc. no. 4). In the above-captioned petition, Petitioner asserts the following claims: (1) ineffective assistance of appellate counsel,[2] and (2) prosecutorial misconduct. (Doc. no. 1, pp. 5-11). Petitioner submits that, although his judgment of conviction became final more than one year ago, the applicable one-year statute of limitations does not bar the above-captioned petition because "[P]etitioner is within the time[-]line of the deniel [sic] of his state [h]abeas corpus." (Id. at 13).

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[2]Specifically, Petitioner complains that Mr. Howard S. Bush, Petitioner's trial and appellate counsel, did not provide him with an opportunity for a fair trial. (See doc. no. 1, p. 5). Petitioner also submits that Mr. Bush failed to obtain discovery materials, which could have been utilized to dispute and rebut the state's case. (Id. at 8). Finally, Petitioner concludes that, because Mr. Bush represented him at trial and during appeal, he had a conflict of interest concerning his ineffective assistance of trial counsel claim. (Id. at 10).

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the Court presumes the instant case is governed by § 2244(d)(1)(A). Under § 2244(d)(1)(A), quoted above, a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." As Petitioner did not file a motion to reconsider or a notice of intent to seek certiorari review after his convictions were affirmed by the Georgia Court of Appeals, his convictions became "final" on or about November 14, 1981. See Georgia Supreme Court Rule 38(1) (explaining that a notice of intent to apply for certiorari must be filed with the Georgia Court of Appeals within 10 days of the date of the decision to be reviewed); Georgia Court of Appeals Rule 37(b) (explaining that a motion for reconsideration must be filed within 10 days from the rendition of the judgment); Georgia Court of Appeals Rule 38(a)(1) (explaining that a notice of intent to petition for certiorari must be filed within 10 days after the judgment).

4

Of key interest here, in the Eleventh Circuit, petitions filed after the enactment date of the AEDPA but attacking convictions which became final prior to that date are subject to a bright-line rule. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (*per curiam*). Prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)). Thus, prisoners seeking federal habeas corpus relief from a conviction which became final prior to April 24, 1996 must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA.

Petitioner did not commence the above-captioned matter until April 15, 2008, the date that he executed the above-captioned petition,[3] almost eleven (11) years after the effective date of the AEDPA. Of course, a prisoner may delay the start of his AEDPA clock by showing that §§ 2244(d)(1)(B), (C), or (D) apply. However, as the Court has already noted, Petitioner has provided no basis for supposing that these provisions apply.[4] Thus, the Wilcox bright-line rule applies. That said, a prisoner may also stop the running of his AEDPA clock while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2);

---

[3]"Under the 'mailbox rule,' [the petitioner's] § 2254 petition is deemed filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y, Dept't of Corrs., ___ F.3d ___, No. 06-12501, 2008 WL 926137, at * 2 n.4 (11th Cir. Apr. 8, 2008) (citing Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*)).

[4]Petitioner merely alleges, "[P]etitioner is within the time[-]line of the deniel [sic] of his state [h]abeas corpus," and submits several documents in an apparent attempt to prove the facts underlying the claims presented in the above-captioned petition. (Doc. no. 1, p. 13 & Ex. A).

see also Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). In this regard, Petitioner's May 24, 1988 state petition for a writ of habeas corpus was filed prior to the effective date of the AEDPA. Furthermore, Petitioner's April 19, 2007 state petition for a writ of habeas corpus was filed well after the deadline established by Wilcox had expired, and thus, no time remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Therefore, § 2244(d)(2) has no application to the instant case.

Of course, equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nonetheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), aff'd, 544 U.S. 295, 310-11 (2005); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (stating that equitable tolling is " 'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence' ") (citations omitted). Petitioner bears the burden of proving his entitlement to such equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (per curiam), cert. denied, 538 U.S. 947 (2003), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; Petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S.

at 418-19). Here, Petitioner has not provided any explanation in his petition that would satisfy the "extraordinary circumstances" and "due diligence" thresholds described above. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

Finally, a claim of actual innocence may warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The Eleventh Circuit has described this fundamental miscarriage of justice exception as follows:

> This exception is exceedingly narrow in scope, as it concerns a petitioner's "actual" innocence rather than his "legal" innocence. See Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-03, 140 L. Ed.2d 728 (1998); Murray [v. Carrier], 477 U.S. [478,] 495-96, 106 S. Ct. at 2649 (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed.2d 808 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon, 523 U.S. at 559, 118 S. Ct. at 1502-03 (quoting Schlup, 513 U.S. at 324, 115 S.Ct. at 865) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected" (internal quotation marks omitted)).

Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). Here, although Petitioner contends, in a conclusory fashion, that his conviction constitutes a fundamental miscarriage of justice, there is simply nothing in the record to suggest that he can meet the stringent standard necessary to trigger the actual innocence exception. Therefore, the fundamental miscarriage of justice exception is unavailable to extend the AEDPA's one-year statute of limitations.

In sum, because (1) the above-captioned petition was filed more than one year after the effective date of the AEDPA,[1] (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not alleged any extraordinary circumstances to justify equitable tolling nor has he presented any arguments to support a claim of actual innocence, the above-captioned petition is time-barred by the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons set forth below, the Court **FINDS** that the above-captioned petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 2) be **DENIED**, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 30th day of May, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] As discussed, *supra*, the above-captioned petition, which was filed after the enactment date of the AEDPA, is subject to the Wilcox bright-line rule because it challenges convictions that became final prior to the effective date of the AEDPA.

8